UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY P. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. D. HARTELY, et al.,<br><br>　　　　Defendants.<br>_____／ | CASE NO. 1:11-cv-00759-GBC (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY COURT ORDER<br><br>RESPONSE DUE BY OCTOBER 24, 2011 |

　　　　Plaintiff Jeremy P. Martin is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2011, the Court ordered that Plaintiff either consent to Magistrate Judge jurisdiction or request reassignment. (ECF No. 5.) Plaintiff failed to consent or decline. On June 27, 2011, the Court issued a second order requiring Plaintiff to consent to or decline Magistrate Judge jurisdiction. (ECF No. 7.) A response was due within thirty days. (Id.) Plaintiff has failed to consent or request reassignment.

　　　　Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to

1 comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)
2 (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61
3 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
4 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
5 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone
6 v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
7 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal
8 for failure to lack of prosecution and failure to comply with local rules).

9   Accordingly, Plaintiff is HEREBY ORDERED to SHOW CAUSE not later that
10 October 24, 2011, why the above-captioned action should not be dismissed for failure to
11 obey a Court Order.  Plaintiff is hereby on notice that failure to respond to this Order by
12 October 24, 2011 will result in dismissal of this action.

13 IT IS SO ORDERED.

14
15 Dated:   September 28, 2011
                                                                  UNITED STATES MAGISTRATE JUDGE