# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY P. MARTIN,<br><br>                Plaintiff,<br><br>   v.<br><br>J.D. HARTLEY, et al.,<br><br>                Defendants.<br>_____/ | CASE NO. 1:11-cv-00759-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE<br><br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

      Plaintiff was a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2011, the Court ordered Plaintiff to either consent to or decline Magistrate Judge jurisdiction within thirty days. Plaintiff failed to comply, and on June 27, 2011, the Court issued a second order requiring Plaintiff to file a response within thirty days. On September 28, 2011, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order. More than thirty days have passed, and plaintiff has not complied with or otherwise responded to the Court's orders.

      The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

1  (5) the availability of less drastic sanctions.'" *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988)
2  (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court
3  in deciding what to do, and are not conditions that must be met in order for a court to take action.
4  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006)
5  (citation omitted).

6  Based on Plaintiff's failure to comply with or otherwise respond to these particular court
7  orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. This
8  action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue
9  and cannot simply remain idle on the Court's docket. Accordingly, it is hereby RECOMMENDED
10 that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.

11 These Findings and Recommendations will be submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fifteen (15) days**
13 after being served with these Findings and Recommendations, Plaintiff may file written objections
14 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
15 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
16 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18 IT IS SO ORDERED.

19 Dated:   November 18, 2011
20                                                   UNITED STATES MAGISTRATE JUDGE